IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DUGINSKI, No. R52775, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 14-cv-00814-JPG ) |
| ASSISTANT WARDEN MACON, and MR. SANTOS, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff John Duginski brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on a fall he took at Centralia Correctional Center and the medical care he received for his injuries. It appears that since filing the complaint Duginski has been released from prison and is residing in Kentucky (*see* Doc. 9).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on August 15, 2013, Plaintiff was exiting the shower when he stepped into some standing water and fell to the ground. There was no caution sign to warn Plaintiff of the hazard, although Assistant Warden Macon was allegedly aware of the standing water. Medical care was denied for three days, but when he was eventually treated x-rays were "negative" and Dr. Santos attributed Plaintiff's pain to arthritis. Plaintiff was only prescribed Motrin, and Dr. Santos refused to order an MRI.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Assistant Warden Macon was deliberately indifferent to a substantial risk to Plaintiff's health and safety, in violation of the Eighth Amendment; and**
>
> **Count 2: Dr. Santos was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

Plaintiff prays for compensatory damages.

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

**Count 1**

Relative to the claim that Assistant Warden Macon was aware of standing water outside the shower but did not put out caution signs, Plaintiff has alleged no more than negligence. Prison officials will only be found liable if they acted with "deliberate indifference." *Farmer*, 511 U.S. at 834. More specifically,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Consequently, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot … be condemned as the infliction of punishment." *Id.* at 838. Furthermore, neither negligence nor even gross negligence will violate the Eighth Amendment. *Id*. at 835. Nothing in the complaint suggests deliberate indifference. For these reasons, Count 1 will be dismissed without prejudice.

**Count 2**

Count 2 alleges that Dr. Santos did not prescribe sufficient pain medication or perform the correct diagnostic tests to accurately assess Plaintiff's injuries. Plaintiff has alleged no more than negligence.

In order to violate the Eighth Amendment, a medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Although Plaintiff alleges that Dr. Santos failure to properly diagnose and treat his injuries has left him in pain, physicians are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir. 2008); *see Duckworth v. Ahmad,* 532 F.3d 675, 682 (7th Cir. 2008). Similarly, when a physician intentionally withholds efficacious treatment, we have held that the delay may amount to deliberate indifference if the delay results in serious harm or unnecessary pain. *See Berry*, 604 F.3d at 441. Nothing in the complaint suggests deliberate indifference. A prisoner's mere disagreement over the proper course of treatment is not an Eighth Amendment violation. *See Berry*, 604 F.3d at 441; *Duckworth*, 532 F.3d at 679. Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Farmer,* 511 U.S. at 835. For these reasons, Count 2 will be dismissed without prejudice.

**Motion for Counsel**

Plaintiff has moved for appointment of counsel (Doc. 3). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the

district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion indicates that he sent a request for assistance to a Northwestern law School. Even if this single, undocumented attempt to secure representation were deemed sufficient—which it is not—it appears that Plaintiff is capable of proceeding with this action *pro se*. Plaintiff has a high school education, and his complaint illustrates that he is capable of articulating his claims effectively. The medical condition at issue is of the nature a layman can understand and discuss unassisted. Although, as pleaded the claims are legally insufficient, that is not reflective of Plaintiff's ability to represent himself throughout the course of this case. The Court does not perceive that the appointment of counsel will make a difference in the fashioning of an amended complaint. For these reasons, Plaintiff's motion (Doc. 3) will be denied. The Court will remain open to recruiting counsel as this case progresses.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED** without prejudice, and Defendants **ASSISTANT WARDEN MACON and DR. SANTOS** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **September 8, 2014**, Plaintiff shall file an amended complaint.  If Plaintiff fails to file an amended complaint, or the amended complaint fails to pass preliminary review under Section 1915A, the action will likely be dismissed with prejudice, closing this action.  Dismissal would then count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 8, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**
